IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

AARON JESSE LEWIS PLAINTIFF

v. Case No. 4:25-cv-04089

DEPUTY EDDIE WISE; SHERIFF JEFF BLACK; JAIL ADMINISTRATOR RAMI COX; and LAFAYETTE COUNTY, ARKANSAS DEFENDANTS

**ORDER**

Before the Court is a Report and Recommendation ("R&R") issued by the Honorable Christy D. Comstock, United States Magistrate Judge for the Western District of Arkansas. ECF No. 28. Defendants Black, Cox, and Lafayette County, Arkansas (collectively, "Defendants"), have filed a timely objection to the R&R. ECF No. 30. The Court finds this matter ripe for consideration.

On October 20, 2025, Plaintiff Aaron Jesse Lewis filed a Complaint against Defendants Deputy Eddie Wise ("Wise"), Sheriff Jeff Black ("Black"), Administrator Cox ("Cox"), and Lafayette County, Arkansas, arising from an alleged attack by Defendant Wise. ECF No. 1. Plaintiff asserted numerous claims, including that Wise violated his constitutional right to be free from excessive force and cruel and unusual punishment during the alleged attack. ECF No. 1. Defendants Black, Cox, and Lafayette County, Arkansas, have jointly filed a Motion to Dismiss (ECF No. 11) for failure to state a claim upon which relief can be granted. However, Defendant Wise has not moved to dismiss the claims made against him.[1] Upon review of the motion to

[1] For the purposes of this order, the term "Defendants" does not include Defendant Wise.

dismiss, Judge Comstock recommended that Plaintiff's official-capacity claims be dismissed. ECF No. 28. Further, Judge Comstock recommended that Plaintiff's claims against Defendant Lafayette County, Arkansas, be dismissed. ECF No. 28. Additionally, Judge Comstock recommended that Plaintiff's claims against Defendants Black and Cox for excessive force and failure to train or supervise be dismissed. ECF No. 28. Lastly, Judge Comstock recommended that Plaintiff's claim against Defendant Wise for excessive force, and Plaintiff's claims against Defendants Black and Cox for interference with his right of access to the courts ("denial of access to the courts claim") should remain and not be dismissed. ECF No. 28. Defendants objected to the R&R's recommendation not to dismiss Plaintiff's denial of access to the courts claim. ECF No. 30. The objection was timely and specific, triggering a *de novo* review. ECF No. 30. Therefore, the Court will address whether Plaintiff's denial of access to the courts claim will survive Defendants' motion to dismiss.

The main issue here centers around Plaintiff's first lawsuit which is based upon the same alleged attack from Wise that is asserted in the present suit. That case was dismissed for failure to exhaust administrative remedies due to Plaintiffs failure to timely appeal the grievances he filed. See Lewis v. Wise, Case No. 4:24-cv-04094-BAB, ECF No. 23, at 6–7 (W.D. Ark. July 23, 2025). Plaintiff then filed this second suit alleging the same claims against Wise, but now adds a denial of access to the courts claim. ECF No. 1. Plaintiff's Complaint asserts that he filed grievances with Black and Cox, then filed an appeal with Black, but never received a response. ECF No. 1, at 5. Taking this allegation as true, this led to Plaintiff's first lawsuit getting dismissed. ECF No. 1, at 5; see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Prisoners bringing a claim for a denial of access to the courts must show "actual injury, that is, the hindrance of a nonfrivolous and arguably

meritorious underlying legal claim." Holt v. Howard, 806 F.3d 1129, 1133 (8th Cir. 2015). Therefore, the Court agrees with Judge Comstock that Plaintiff asserted an actual injury—the dismissal of the first lawsuit—and has stated a plausible claim for relief. See Lewis v. Casey, 518 U.S. 343, 356 (1996) (when an inmate's "actionable claim . . . has been lost or rejected, or . . . the presentation of such a claim is currently being prevented," then that constitutes actual injury).

In objection, Defendants assert that there is no constitutional right to a grievance procedure, and that a grievance procedure cannot be the basis of a denial of access to the courts claim. ECF No. 30, at 2. While the Court agrees there is no constitutional right to a grievance procedure, there is a constitutional right of access to the courts in order to petition for redress for injuries prisoners have suffered while incarcerated. See Tyler v. "Ron" Deputy Sheriff, 574 F.2d 427, 428–29 (8th Cir. 1978). Further, taking the allegations in the Complaint as true, Defendant Cox and Black's alleged failure to process Plaintiff's grievances caused Plaintiff's first case to be dismissed, which denied him access to the courts. ECF No. 1, at 5; see Iqbal, 556 U.S. at 678. Therefore, the Court overrules Defendants' objection on this point.

Defendants also assert that Plaintiff is barred from asserting a denial of access to the courts claim when Plaintiff could have asserted the claim in the first suit and failed to appeal the first suit. ECF No. 30, at 3. The Court disagrees. Defendants did not raise this argument in their motion to dismiss. Thus, this is the first time the Court has been informed of Defendants' argument that Plaintiff is precluded from asserting a denial of access to the courts claim. Additionally, the Eighth Circuit has stated that the "purpose of referring cases to a magistrate for recommended disposition would be contravened if parties were allowed to present only selected issues to the magistrate, reserving their full panoply of contentions for the trial court." Roberts v. Apfel, 222 F.3d 466, 470

(8th Cir. 2000). To rule otherwise, "would allow a claimant to raise new claims to the district court and thus effectively have two opportunities for judicial review." Id. As such, the Court declines to consider Defendants' argument that Plaintiff is barred from asserting a denial of access to the courts claim because it was not asserted in their motion to dismiss and was not argued to Judge Comstock. See Hylla v. Transp. Commc'ns Int'l Union, 536 F.3d 911, 921–22 (8th Cir. 2008) (finding that a party may not present new legal arguments or theories in an objection to an R&R). Accordingly, Defendants' objections to the R&R are overruled.

The Court also reviews for clear error the portions of the R&R to which no objection was made. Upon review, the Court concludes that those portions are neither erroneous nor contrary to law. Therefore, the Court adopts the R&R (ECF No. 28) in its entirety. Accordingly, the Motion to Dismiss by Defendants Black, Cox, and Lafayette County, Arkansas, (ECF No. 11) is **GRANTED IN PART AND DENIED IN PART** as follows:

(1) Plaintiff's official-capacity claims are **DISMISSED WITHOUT PREJUDICE**;

(2) Plaintiff's claims against Defendant Lafayette County, Arkansas, are **DISMISSED WITHOUT PREJUDICE**; and

(3) Plaintiff's claims against Defendants Black and Cox for excessive force and failure to train or supervise are **DISMISSED WITHOUT PREJUDICE**.

This leaves for later resolution Plaintiff's claim against Defendant Wise for excessive force, and Plaintiff's claims against Defendants Black and Cox for interference with his right of access to the courts.

**IT IS SO ORDERED**, this 22nd day of October, 2026.

s/ John Thomas Shepherd
John Thomas Shepherd
United States District Judge